# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**RICKY FORRESTER**                                                                                                    **PLAINTIFF**

v.                                                                               **No. 1:05CV210-M-B**

**CLAY COUNTY SHERIFF'S**
**DEPARTMENT, ET AL.**                                                              **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Ricky Forrester (# 18982) challenging the conditions of his confinement under 42 U.S.C. § 1983. This case was set for a hearing pursuant to *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985) on March 21, 2006. The plaintiff had, however, been transferred from the Clay County Jail (the address he listed on his complaint) into the custody of the Mississippi Department of Corrections. As such, the court could not writ him to the March 21, 2006, *Spears* hearing. The Magistrate Judge thus recommended dismissal of the case because the plaintiff failed to keep the court apprised of his location. The plaintiff is currently housed at the Marshall County Correctional Facility in Holly Springs, Mississippi. After reviewing the plaintiff's complaint, the court finds that it fails to state a constitutional claim. As such, the court shall decline to adopt the Report and Recommendation and shall instead dismiss this case.

### Factual Allegations

The plaintiff sets forth eight claims regarding his stay in the Clay County Jail:

1. Two trustees painted the jail for a two-week period in March 2005, exposing the plaintiff to paint fumes.

2.      Two trustees replaced the windows in all the cells at the jail, exposing the plaintiff to welding fumes.

3.      A mentally disturbed inmate tried to attack the plaintiff with a broom and with his hands; after failing to carry out the attack, the disturbed inmate spit in the plaintiff's face.

4.      The mentally disturbed inmate used the bathroom on the floor of the "drunk tank," where he smeared the walls and door with his excrement.

5.      The plaintiff could attend yard call only once or twice per week.

6.      The plaintiff did not receive a preliminary hearing.

7.      The plaintiff's appointed counsel "does not want to help [the plaintiff] with [his] case."

8.      Two trustees conducted sandblasting, welding, and painting in August 2005, exposing the plaintiff to fumes.

### Claims In the Nature of *Habeas Corpus*

As an initial matter, the plaintiff's claims regarding the conduct of his criminal trial and the competence of his appointed counsel (numbers six and seven above) cannot be heard in a prisoner case filed under 42 U.S.C. § 1983. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court clarified the interrelationship between actions under 42 U.S.C. § 1983 and *habeas corpus* proceedings. The Supreme Court emphasized in *Heck* that there is no requirement of "exhaustion" of *habeas corpus* remedies in order to proceed on a claim under § 1983. Rather, a § 1983 damage claim that calls into question the lawfulness of conviction or confinement or otherwise demonstrates the invalidity of the conviction or confinement is not cognizable under § 1983 until such time as a § 1983 plaintiff is able to

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 114 S. Ct. at 2372; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). The plaintiff's success on his claims regarding lack of a preliminary hearing and competence of defense counsel would necessarily draw into question the validity of his conviction or sentence. As the plaintiff's conviction has not been invalidated, these claims must be dismissed.

### Physical Injury Required to Recover Compensatory Damages

A *pro se* prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for physical or emotional damages – regardless of the nature of the claim. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e). The plaintiff has not alleged any physical injury in his complaint. As such, the plaintiff may not collect money damages. In addition, the plaintiff has since been moved to a different facility; as such, any claims for injunctive relief must now be dismissed as moot. In sum, this case shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 12th day of October, 2006.

                                           /s/ Michael P. Mills
                                           **UNITED STATES DISTRICT JUDGE**